(February 11, 1980)

■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of ROBERT R. ANDERSON, Petitioner, v SEARS, ROEBUCK & COMPANY et al., Respondents.— Motion by respondents, *inter alia,* (1) to reargue a proceeding pursuant to section 298 of the Executive Law to enforce an order of the State Human Rights Appeal Board, dated September 6, 1978, which affirmed a decision and order of the State Division of Human Rights, dated December 1, 1977, which, after a hearing, *inter alia,* found that respondent Sears, Roebuck & Co. had discriminated against one of its employees on the basis of sex or (2) in the alternative, for leave to appeal to the Court of Appeals from the order of this court, dated August 13, 1979, which, *inter alia,* granted the petition and directed respondents to comply with the order of the appeal board. Motion denied, with $20 costs. On the court's own motion the decision of this court dated August 13, 1979 is amended by deleting from the

last sentence of the last paragraph thereof the words "appeal board" and substituting therefor the words "State Division of Human Rights". At the time of our decision in this proceeding, we were cognizant of the ruling of the Supreme Court in *Steelworkers v Weber* (443 US 193). It was our view then, as it is now, that *Weber* does not undermine the correctness of the appeal board's order. In *Weber* the Supreme Court decided only the "narrow statutory issue" of whether title 7 of the Civil Rights Act of 1964 as amended forbids private employers and unions from voluntarily agreeing upon bona fide affirmative action plans that accord racial preference in the manner and for the purpose provided in the plan therein at issue. In the instant proceeding, we were not concerned with the provisions of title 7, but rather with those of the Human Rights Law (see Executive Law, § 290 *et seq.*). Inasmuch as respondents here failed to show that they had complied with the applicable provisions of that law (see Executive Law, § 296, subd 12; see, also, 9 NYCRR 466.5), their argument that they were merely acting in accordance with an established affirmative action plan is unavailing. Lazer, J. P., Rabin, Gulotta and Margett, JJ., concur.